**Clyde TROUT, Appellant,**

v.

**Paul LOE, Appellee.**

**No. 6906.**

Court of Civil Appeals of Texas. Amarillo.

June 1, 1959.

Rehearing Denied June 15, 1959.

Allison & Allison, Levelland, for appellant.

Calloway Huffaker and Harold Green, Tahoka, for appellee.

CHAPMAN, Justice.

This is an appeal by Clyde Trout from a summary judgment granted by the District Court of Yoakum County for Paul Loe in an election contest filed by appellee, Paul Loe, contesting the certification of election by the Commissioners Court of said county of appellant, Clyde Trout, as Commissioner of Precinct No. 4, Yoakum County.

In the Democratic Primary of 1958, appellee, Paul Loe, prevailed over appellant, Clyde Trout, for County Commissioner. In the general election that year appellant, as a write-in candidate, according to the returns, received 69 votes and appellee 58 votes for said office. In a pretrial hearing on the election contest the ballot boxes were opened and the votes re-tabulated. As a result of votes cast that were agreed by the parties to be illegal, the contest left the outcome dependent upon four ballots, Exhibits A, B, C, and D, respectively, as follows:

# OFFICIAL BALLOT

Vote for the candidate of your choice in each race by scratching or marking out all other names in that race. You may vote for all the candidates of a party by running a line through every other party column

| DEMOCRATIC PARTY | REPUBLICAN PARTY | CONSTITUTION PARTY | INDEPENDENT | WRITE-IN |
|---|---|---|---|---|
| For Governor: | For Governor | | | For Governor, |
| PRICE DANIEL | EDWIN S MARTIN | | | |
| For Lieutenant Governor: | | For Lieutenant Governor: | | Lieutenant Governor, |
| BEN R Judge: | | PHILIP LEE EUBANK | | |
| For Attorney General: | | For Attorney General: | | For Attorney General, |
| Wendy & District Clerk. | | MUCKLEROY | | |
| J W O ALLDREDGE | | United | | For County Treasurer, |
| For County Treasurer: | | | | |
| SUSAN V HINKLE | | | | For County Commissioner, Prec. No. 4 |
| For County Commissioner, Prec. No. 4: | | | | |
| For Justice of Peace, Precinct 1: | | | | For Justice of Peace, Precinct 1. |
| E S BANDY | | | | *Clyde Trout* |

EXHIBIT A

# OFFICIAL BALLOT

Vote for the candidate of your choice in each race by scratching or marking out all other names in that race. You may vote for all the candidates of a party by running a line through every other party column

| DEMOCRATIC PARTY | REPUBLICAN PARTY | CONSTITUTION PARTY | INDEPENDENT | WRITE-IN |
|---|---|---|---|---|
| For Governor District | For Governor | | | For Governor: |
| PRICE / SMITH | EDWIN S MARTIN | | | |
| For Lieuty Judge: | | For Lieutenant Governor: | | Lieutenant Governor |
| DON HANCOCK | | PHILIP LEE | | |
| For County & District Clerk. | | For Attorney: | | For Attorney General |
| J W O ALLDREDGE | | MUCKLE | | |
| For County Treasurer: | | | | For County Treasurer |
| SUSAN V HINKLE | | | | |
| For County Commissioner, Prec. No. 4. | | | | For County Commissioner, Prec. No |
| For Justice of Peace, Precinct 1: | | | | For Justice of Peace, Precinct 1. |
| E S BANDY | | | | *Clyde Trout* |

EXHIBIT B

# OFFICIAL BALLOT

Vote for the candidate of your choice in each race by scratching or marking out all other names in that race You may vote for all the candidates of a party by running a line through every other party column

| DEMOCRATIC PARTY | REPUBLICAN PARTY | CONSTITUTION PARTY | INDEPENDENT | WRITE-IN |
|---|---|---|---|---|
| For Governor District | For Governor | | | For Governor. |
| PRICE D District | EDWIN S M | | | |
| For Lieut SMITH | | For Lieutenant Governor: | | Lieutenant Governor |
| BEauty Judge: | | PHILIP LEE | | |
| DON HANCOCK | | For Attorney: | | For Attorney General. |
| For County & District Clerk | | MUCKL | | |
| J W O ALLDREDGE | | | | For County Treasurer |
| For County Treasurer: | | | | |
| SUSAN V HINKLE | | | | For County Commissioner, Prec. No. 4 |
| For County Commissioner, Prec. No. 4: | | | | |
| For Justice of Peace, Precinct 1: | | | | For Justice of Peace, Precinct 1: |
| E S BANDY | | | | *Clyde Trout* |

EXHIBIT C

# OFFICIAL BALLOT

Vote for the candidate of your choice in each race by scratching or marking out all other names in that race You may vote for all the candidates of a party by running a line through every other party column

| DEMOCRATIC PARTY | REPUBLICAN PARTY | CONSTITUTION PARTY | INDEPENDENT | WRITE-IN |
|---|---|---|---|---|
| For Governor Judge | For Governor: | | | For Governor |
| PRICE of District | EDWIN S | | | |
| For Lie. T SMITH | | For Lieutenant Governor: | | For Lieutenant Governor. |
| Pcounty Judge: | | PHILIP LEE | | |
| DON HANCOCK | | For Attorney: | | Attorney General |
| For County & District Clerk: | | MUCKL | | Clerk |
| J W O ALLDREDGE | | | | For County Treasurer |
| For County Treasurer: | | | | |
| SUSAN V HINKLE | | | | For County Commissioner Prec No |
| For County Commissioner, Prec. No. 4. | | | | |
| For Justice of Peace, Precinct 1: | | | | For Justice of Peace, Precinct 1: |
| | | | | *Clyde Trout* |

EXHIBIT D

From the information acquired in the pre-trial hearing appellee filed his Motion for Summary Judgment, in which he incorporated his First Amended Notice of Intention to Contest. Said motion was introduced in evidence, as were the four exhibits above shown. Appellee also introduced into the record certain stipulations of the parties made upon pre-trial hearing. By admissions in his brief appellant simplifies our task somewhat by recognizing that the summary judgment was properly granted:

> "(1) If the ballots are illegal and cannot be counted for Appellant as a matter of law; and

> "(2) If evidence of the surrounding and attending circumstances would not aid in their interpretation; and

> "(3) If the testimony of the electors who cast the 4 ballots would not be admissible."

Article 6.06 of the Election Code, V.A. T.C.S., as amended, titled, "How to mark ballot," provides:

> "In all elections, general, special, or primary, the voter shall mark out the names of all candidates he does not wish to vote for. When party columns appear on a ballot, a voter desiring to vote a straight ticket may do so by running a line with a pencil or pen through all other tickets on the official ballot, making a distinct marked line through all tickets not intended to be voted; and when he desires to vote a mixed ticket, he shall do so by running a line through the names of such candidates as he desires to vote against. If the name of the person for whom the voter wishes to vote is not printed on the ballot, the voter shall mark through the names which appear on the ballot in that race and shall write in the name of the candidate for whom he wishes to vote in a general election in the write-in column *under the appropriate*

*office title,* and in a primary or special election in an appropriate space under the title of the office.

> "The failure of a voter to mark his ballot in strict conformity with these directions shall not invalidate the ballot, and a ballot shall be counted in all races in which the intention of the voter is clearly ascertainable." (Emphasis above and all emphasis shown hereafter are ours.)

The same title was in our statutes before the adoption of the Election Code in Article 2981 R.C.S.1925, and before that, Article 2969, Vernons' Sales Civil Statutes, but did not have the amended provision in Article 6.06, Election Code V.A.T.C.S., which says:

> "If the name of the person for whom the voter wishes to vote is not printed on the ballot, the voter shall mark through the names which appear on the ballot in that race *and shall write in the name of the candidate for whom he wishes to vote in a general election in the write-in column under the appropriate office title,* * * *."

The second paragraph in Article 6.06 of the Election Code is also an addition that was not in the earlier Articles titled, "How to mark a ballot."

In construing Article 6.06 of the Election Code our Supreme Court has said, "In determining whether or not a questioned vote should be counted, the rule generally applicable is the explicit wording of the election code itself." Duncan v. Willis, 302 S.W.2d 627, 630. The wording of the last paragraph of said article indicates the directions having to do with the method of marking the ballot, such as, writing the name of the write-in candidate in the write-in column *under the appropriate office title in a general election,* is directory rather than mandatory *if the intention of the voter is clearly ascertainable.* Let us then look at the ballots under

consideration to determine if the intentions of the voters are clearly ascertainable.

■ It is clear to us that the electors who voted said ballots did not desire to vote for Paul Loe. That fact is evident in their marking through his name. However, there is not any indication in the face of the ballot that they intended to vote for Clyde Trout for Commissioner because they wrote his name in under the office title of Justice of Peace and that is the only office title to which his written-in name is contiguous. From the record in this case a far different situation would have been presented had the electors in the four ballots written in the name of Clyde Trout between the official title, "For County Treasurer" and "For County Commissioner." Though in such event the written-in name would have been *above* the office title of County Commissioner instead of *below,* as provided by Article 6.06, Election Code, it still would have been contiguous to the appropriate office title and in view of Paul Loe's name having been scratched and the County Treasurer's name left, would have been an indication of a vote for Clyde Trout for Commissioner.

Under the reasoning in Doll v. Bender, 55 W.Va. 404, 47 S.E. 293, we believe the hypothetical situation just described would have shown an intention to vote for Clyde Trout for Commissioner. Our case is far different to that situation and would, in order for us to hold the ballot showed an intention to vote for Clyde Trout for Commissioner, require speculation far beyond that which should be permitted even if it should be said Article 6.06 in the Election Code is in every respect a directory statute.

■ Our Supreme Court in Duncan v. Willis, supra [302 S.W.2d 634], has strongly indicated that all phases of Article 6.06 Election Code, having to do with the marking of the ballot are not directory by

saying, "It is pointed out in American Jurisprudence that 'Formerly, when voting was done in a less systematic fashion than at present, the rule that the intent of the voter was controlling was more generally adhered to. But under statutes adopting the official ballot, (as does Article 6.06 of the election code) judicial consideration is in many instances confined to determining whether the marking complies with the mandatory statutory requirements.'" Though we do not say the article is mandatory wherein it requires the elector in a general election to write the write-in candidate in the write-in column *under the appropriate office title,* we do believe it is mandatory to the extent that it must be voted in such manner that the clear intent of the elector may be ascertainable from the ballot itself. The four ballots above described were not so voted.

If either trial or appellate courts should be permitted to speculate on the intention of the electors in the ballots under consideration they might say they showed such electors did not want to vote for the nominee for Commissioner but wanted to elect Clyde Trout to some office, so voted for him for Justice of the Peace and overlooked scratching the nominee for that office. Or, as said by the Supreme Court of California in Rutledge v. Crawford, 91 Cal. 526, 27 P. 779, 780, 13 L.R.A. 761, the marking of the four ballots may have been "merely the frivolous exercise of the right of suffrage * * *". In any event, the intention of the voters, as such intentions appear upon the face of the ballots, were to vote for Clyde Trout for Justice of Peace, Precinct 1.

■ We do not consider the ballots here involved were ambiguous such as to permit parol testimony of the electors, made after the election, concerning their intention at the time they voted. In the very early jurisprudence of this state our Supreme Court spoke clearly on this subject when it said:

"The declarations of the voters Albert S. Payne and Lewis Jackson, made after the election, were properly excluded. Upon this question we have no doubt. * * * Besides, we think the admission of such testimony would contravene a sound public policy. It would open a door to fraud to permit a voter who may have changed his mind as to his choice of candidates, and who may have become dissatisfied as to the declared result, to affect the determination of a contest by his declarations." Davis v. State, 75 Tex. 420, 12 S.W. 957, 960.

In Duncan v. Willis, supra [302 S.W.2d 634], our Supreme Court in construing Article 6.06 of the Election Code held "parol evidence 'may not be received for the purpose of showing that the intention of the voter was in any way different from what plainly appears on the face of the ballot, * * *'"

A clear and convincing statement for the wisdom of denying the admission of oral testimony to change a ballot from what it appears on its face has been made by the Supreme Court of Utah in Young v. Deming, 9 Utah 204, 33 P. 818, 820, when it said: "The temptation to actual fraud and corruption on the part of the candidates and their political supporters is never so great as when it is known precisely how many votes it will take to change the result, and men who are willing to sell their votes before election will quite as readily sell their testimony afterwards, especially as the means of detecting perjury and falsehood is not always at hand until after the wrong sought to be accomplished by it has become successful, and the honest will of the people has been thwarted." See also Pennington v. Hare, 60 Minn. 146, 62 N.W. 116, 117.

There are some so-called "faint line" cases such as Stubbs v. Moursund, Tex. Civ.App., 222 S.W. 632, where oral testimony has been permitted to explain faint lines through party columns or names of candidates. The question in the Moursund case was whether parol evidence was admissible to show the intention of the voter who drew a perpendicular line through the party column, then attempted to erase such line and drew a horizontal line through the names which he wished to vote against. We do not believe those cases would furnish authority for permitting oral testimony to show an elector who wrote in the name of a write-in candidate in the column for Justice of the Peace actually intended to write the write-in candidate's name for Commissioner. Furthermore, we are not impressed with the argument that parol testimony should be admitted in order that the will of the majority of the voters may prevail. The only background information we have of the write-in campaign for Commissioner of Precinct 4 in Yoakum County in the general election of 1958, is that which has been introduced in support of the summary judgment. The pleadings introduced in support thereof say, "That in the days prior to said election the said Clyde Trout, and those working in concert with him, conducted a well-organized secretive campaign whereby it was agreed that at a late hour on said election date they would go to the election poll and write-in the name of the said Clyde Trout at a time when it would be too late for the citizenship of said precinct to become suspicious that such a scheme was being put into execution, and those agreeing to participate in such a scheme were pledged to secrecy, so that the citizenship of said precinct would not become suspicious that said scheme was to be put into execution, the said Clyde Trout well knowing that if the majority of the voters of said precinct knew of said scheme that he would not and could not be elected." Such record does not indicate the will of a majority of the people was denied by the trial court's summary judgment in view of the fact that appellee had been nominated in the primary over appellant where all voters of the precinct had knowledge of the election.

Neither appellant nor appellee has cited a case in point from this state or from any other jurisdiction, and we are confident from our search for authorities that our appellate courts of this state have never had a state of facts just like this case before them. The four ballots under consideration having been cast for Clyde Trout for Justice of Peace, Precinct 1 in the write-in column and the nominee for Commissioner, Paul Loe, having been marked out, the ballot is illegal for that office and can not be counted for appellant as a matter of law. We also hold that parol evidence by the electors who voted the four ballots, given after the ballots were voted, are not admissible in evidence.

Accordingly, the summary judgment granted by the trial court is in all things affirmed.